ANTHONY L. HALL, ESQ.
Nevada Bar No. 5977
AHall@SHJNevada.com
RICARDO N. CORDOVA, ESQ.
Nevada Bar No. 11942
RCordova@SHJNevada.com
SIMONS HALL JOHNSTON PC
6490 S. McCarran Blvd., Ste. F-46
Reno, Nevada 89509
Telephone: (775) 785-0088
*Attorneys for Defendant Washoe County School District*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JENNY A. HUNT, f.k.a. JENNY A. RICCI,<br><br>Plaintiff,<br><br>v.<br><br>WASHOE COUNTY SCHOOL DISTRICT, a political subdivision of the State of Nevada,<br><br>Defendant. | CASE NO.: 3:18-cv-00501-LRH-WGC<br><br>**MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY** |

Defendant Washoe County School District ("Defendant" or "the School District") submits this Motion for Leave to file Notice of Supplemental Authority in support of its Motion to Dismiss ("Motion") [ECF No. 7] the Complaint filed by Plaintiff Jenny A. Hunt, formerly known as Jenny A. Ricci ("Plaintiff" or "Hunt"), and in support of its Opposition [ECF No. 18] to Hunt's Motion for Leave to Amend.

Pursuant to LR 7-2(g), a party may file a notice of supplemental authorities with leave of the Court granted for good cause. Good cause exists where, for example, the supplemental authorities "control the outcome" of the litigation. *See JP Morgan Chase Bank v. Resources Group, LLC*, 2018 WL 894612, at \*5 (D. Nev., Feb. 13, 2018).

1  Here, the School District seeks leave to file notice of a supplemental authority. Specifically, the School District wishes to bring NRS 388.1215 to the Court's attention. NRS 388.1215 provides that "'Administrator' means the principal, administrator or other person in charge of a school." This definition makes clear that an executive director such as Hunt is not an administrator because she was not in charge of a school. Accordingly, this statute bolsters the conclusion that the protections set forth in NRS Chapter 391 do not apply to top ranking, leadership/executive employees such as Hunt.

Because Hunt's Due Process claim is dependent upon the statutory protections of NRS Chapter 391, the inapplicability of those provisions is fatal to her claim. Thus, NRS 388.1215 controls the outcome of a significant aspect of this litigation. Accordingly, there is good cause to grant the School District leave to file notice of this supplemental authority. A copy of the School District's proposed filing is attached as **"Exhibit 1."**

DATED this 14th day of May, 2019.

        SIMONS HALL JOHNSTON PC

By:   /s/ Ricardo Cordova
Anthony L. Hall, Esq. (NV Bar No. 5977)
Ricardo N. Cordova, Esq. (NV Bar No. 11942)
SIMONS HALL JOHNSTON PC
*Attorneys for Washoe County School District*

SIMONS HALL JOHNSTON PC
6490 S. McCarran Blvd., Ste. F-46
Reno, NV 89509
Phone: (775) 785-0088

**PROOF OF SERVICE VIA ELECTRONIC SERVICE**

I, Jennifer L. Smith, declare:

I am employed in the City of Reno, County of Washoe, State of Nevada by the law offices of Simons Hall Johnston PC. My business address is 6490 S. McCarran Blvd., Ste. F-46, Reno, NV 89509. I am over the age of 18 years and not a party to this action.

On May 14, 2019, I served the foregoing **MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY** by causing the document to be served via electronic service through the Court's CM ECF electronic filing system, addressed as follows:

Francis C. Flaherty
Casey C. Gillham
DYER LAWRENCE, LLP
2805 Mountain Street
Carson City, Nevada 89703
fflaherty@dyerlawrence.com
cgillham@dyerlawrence.com
*Attorneys for Plaintiff Jenny A. Hunt*

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this declaration was executed on May 14, 2019.

/s/ Jennifer L. Smith
Employee of Simons Hall Johnston PC